■ KATHARYNE MASCIA, Respondent, v 4830 REALTY ASSOCIATES, a Partnership, et al., Defendants, and CROSS WESTCHESTER CLEANERS, INC., Appellant. [700 NYS2d 848] —In an action to recover damages for personal injuries, the defendant Cross Westchester Cleaners, Inc., appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Westchester County (DiBlasi, J.), dated November 30, 1998, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court, dated December 2, 1998, as directed it to produce certain documents. By letter dated October 14, 1999, the plaintiff's attorney notified this Court that the action had been settled, that a stipulation of discontinuance was signed on July 12, 1999, and that the appeals, which were on the calendar for September 29, 1999, were withdrawn.

Ordered that the appeals are dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that counsel for the plaintiff and the appellant are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, against them or the parties they represent pursuant to 22 NYCRR 670.2 (g) as this Court may deem appropriate, by filing an original and four copies of an affirmation or affidavit on that issue in the office of the clerk of this Court and serving one copy of the same on all parties to the action on or before January 27, 2000.

The rules of this Court provide that "[i]f a cause or the underlying action or proceeding is wholly or partially settled * * * the parties or their counsel shall immediately notify the court", and "[a]ny attorney or party who, without good cause

shown, fails to comply with the requirements of this subdivision shall be subject to the imposition of such costs and/or sanctions as the court may direct" (22 NYCRR 670.2 [g]). O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.